**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

---

No. 07-1465

UNITED STATES OF AMERICA,

Appellee,

v.

ANDRE ROSADO,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor, U.S. District Judge]

---

Before

Torruella, Lynch and Lipez,
Circuit Judges.

---

Mark E. Howard and Kacavas Ramsdell & Howard, PLLC, on brief for appellant.
Leah B. Foley, Assistant U.S. Attorney, and Michael J. Sullivan, United States Attorney, on brief for appellee.

---

April 14, 2008

---

**Per Curiam**.  After being convicted by a jury of various drug and gun offenses and after being sentenced to 30 years' imprisonment, defendant appeals from his conviction and sentence. As to his conviction, he argues that the evidence was insufficient to convict him of two counts in the indictment.  As to his sentence, he disputes the court's finding that the drug involved was crack cocaine as opposed to some other form of cocaine base, and he argues that the sentence was longer than necessary to serve the purposes of sentencing and was inadequately explained.  For the reasons discussed below, we affirm the conviction and sentence.

Defendant was initially indicted on a single count of distributing at least five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting others in doing so, in violation of 18 U.S.C. § 2.  That indictment arose from a "controlled buy" by an undercover agent on February 23, 2005, and was sealed pending defendant's arrest.

On April 6, 2005, in the course of defendant's arrest on that initial indictment, another incident occurred, which ultimately gave rise to a superseding indictment, adding three additional counts:  possession with intent to distribute at least five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm "in furtherance of" that drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm after being convicted of another felony, in violation of

-2-

18 U.S.C. § 922(g)(1).  A second superseding indictment later eliminated all references to "crack cocaine" from the drug counts, charging only that the drug involved was "cocaine base."

After a four-day jury trial, defendant was convicted on all four counts.  He was subsequently sentenced to 30 years' imprisonment, five years below the applicable guideline sentencing range.  We assume the parties' familiarity with the underlying facts and so will not rehearse them here, except in the context of discussing the legal issues raised on appeal.

Defendant challenges the sufficiency of the evidence supporting the jury's verdict on three points.[1]  With respect to the charge of possession of cocaine base with intent to distribute, arising from the incident of April 6, 2005, he argues that there was insufficient evidence that he knew that the drugs were in the car or that he intended to distribute them.  With respect to the charge of possession of a firearm "in furtherance of" that drug charge, he argues that there was insufficient evidence that the firearms were possessed "to advance or promote" the drug offense. United States v. Grace, 367 F.3d 29, 35 (1st Cir. 2004).

"The familiar standard that applies to sufficiency-of-the-evidence challenges requires that a court 'determine whether,

---

[1]He expressly concedes that the evidence was sufficient to prove beyond a reasonable doubt that he distributed cocaine base on February 23, 2005, and that he was a felon in possession of a firearm on April 6, 2005.

after assaying all the evidence in the light most amiable to the government, and taking all reasonable inferences in its favor, a rational factfinder could find, beyond a reasonable doubt, that the prosecution successfully proved the essential elements of the crime.'" United States v. Dwinells, 508 F.3d 63, 72 (1st Cir. 2007) (quoting United States v. O'Brien, 14 F.3d 703, 706 (1st Cir. 1994)). "When the record is fairly susceptible of two competing scenarios, the choice between those scenarios ordinarily is for the jury." Id. at 74. Accordingly, if "the evidence, taken in its entirety, supports the judgment of conviction . . ., '[the government] need not rule out other hypotheses more congenial to a finding of innocence.'" Id. (quoting United States v. Gifford, 17 F.3d 462, 467 (1st Cir. 1994)).

Under those standards, defendant's sufficiency challenge fails on all three points. The jury could have reasonably inferred that defendant knew that the drugs were in the car from the uncontroverted evidence that he was previously involved in drug dealing, United States v. Spinosa, 982 F.2d 620, 628-29 (1st Cir. 1992), including the incident of February 23, 2005; that he was the driver and sole occupant of the car in which the drugs were found, United States v. Sanchez, 943 F.2d 110, 115 (1st Cir. 1991); that the drugs were found right in front of the driver's seat, United States v. Zavala Maldonado, 23 F.3d 4, 8 (1st Cir. 1994); and that when the police confronted him and directed him to pull over, he

-4-

attempted to flee, first by car and then on foot, and then violently struggled to avoid arrest, showing his awareness of guilt, United States v. Isler, 429 F.3d 19, 25 (1st Cir. 2005). See generally United States v. Robinson, 473 F.3d 387, 399 (1st Cir. 2007) (holding that knowing possession may be inferred from circumstantial evidence). The jury could well have found that evidence to outweigh the evidence pointing the other way--primarily that the car was registered to someone else--particularly since defendant was known to frequent the address to which the car was registered.

The jury could also have reasonably inferred that the drugs found in the car--44.3 grams of cocaine base, packaged in the form of twelve "eight balls"[2]--were intended for distribution rather than personal use. There was expert testimony that such a large amount, packaged in that manner, would ordinarily be possessed by a dealer rather than an end-user. United States v. García-Carrasquillo, 483 F.3d 124, 130 n.12 (1st Cir. 2007). That inference is further supported by the presence in the car of guns, United States v. Andrade, 94 F.3d 9, 13 (1st Cir. 1996), which, the expert testimony showed, are often used by drug dealers to avoid interference with drug transactions, and by the absence of any implements with which to smoke the crack, id.

---

[2]There was testimony at trial that an eight ball weighs about one-eighth of an ounce, 3.5 grams, and that the street price for an eight ball in the area at the time was about $150 to $200.

Finally, there was ample evidence from which the jury reasonably could have inferred that defendant possessed one or two guns "in furtherance" of the April 6th drug offense. Although "mere presence" of the guns at the scene of the drug offense is not sufficient, United States v. Delgado-Hernandez, 420 F.3d 16, 25 (1st Cir. 2005), there was more here, albeit circumstantial. In particular, the evidence showed that both guns were loaded and located in close proximity to the defendant and to the drugs and therefore could easily have been used to resist any effort, by the police or others, to interfere with the intended drug distribution. See, e.g., United States v. Robinson, 473 F.3d at 399-400 (finding such evidence sufficient to show that a gun was possessed "in furtherance of" another crime); United States v. Felton, 417 F.3d 97, 105, 106 (1st Cir. 2005) (same). In addition, as the prosecution argued at trial, the jury could have inferred that the guns were possessed in connection with the April 6th drug offense from the evidence that defendant also possessed a gun during the February 23rd drug transaction and from the expert testimony that drug dealers commonly have guns to protect the drugs they intend to distribute.

Defendant's sentencing challenges fail as well. Although, on appeal, he faults the district court's finding that the substance involved in the drug offenses was crack, as opposed to some other form of cocaine base, no such argument was made at

sentencing.  Accordingly, that finding is reviewable only for plain error.  No error, plain or otherwise, occurred.  In making its findings, the district court permissibly relied on the presentence report, to which defendant posed no relevant objection.  United States v. Jimenez, 512 F.3d 1, 7 (1st Cir. 2007).  And that report's repeated statements that the substance was crack were, in turn, amply supported by competent testimony at trial that the substance was off-white and chunky and therefore appeared to be crack.  See, e.g., United States v. Brown, 450 F.3d 76, 80-81 (1st Cir. 2006).  Moreover, any error was not sufficiently prejudicial to satisfy the plain error standard, since defendant's guideline range resulted not from the nature of the substance involved but from his status as a career offender, which defendant did not challenge below or on appeal.  Jimenez, 512 F.3d at 8.

Nor was the ultimate sentence procedurally or substantively unreasonable under the standards articulated by this court in United States v. Jiménez-Beltre, 440 F.3d 514 (1st Cir. 2006)(en banc), and, more recently, by the United States Supreme Court in Rita v. United States, 127 S. Ct. 2456 (2007), and Gall v. United States, 128 S. Ct. 586 (2007).  The district court expressly addressed--and adopted, in part--defendant's argument that a bottom-of-guidelines sentence of 35 years was longer than necessary to serve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  It was for that reason that the court imposed a sentence

five years below the guideline range. The court explained its decision not to vary further as based, "first and foremost," on its belief that a very long sentence was necessary to protect the public, given defendant's violent criminal record, which included a conviction for conspiracy to commit murder, in which defendant participated in beating the victim to death. Although the court indicated that its decision was also influenced by the guideline range, particularly the career-offender guideline, consideration of that range remains not only permissible but required. Gall, 128 S. Ct. at 596; Rita, 127 S. Ct. at 2467; Jiménez-Beltre, 440 F.3d at 518. Since its ultimate sentence was below the guideline range, the court obviously did not deem the guidelines in general or the career offender guideline in particular to be mandatory. To the extent that defendant quibbles with the weight afforded to the guidelines as opposed to other factors, such balancing, absent abuse of its discretion, is for the district court. Gall, 128 S. Ct. at 597-98; United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006). Seeing no such abuse under the circumstances presented here, we affirm the sentence.

Affirmed. See 1st Cir. R. 27.0(c)